69. Each defendant owed to Perkin a fiduciary duty to exercise due care and diligence in the administration of the affairs of the Company and in the use and preservation of its property and assets, as well as the highest obligations of good faith and fair dealing.

70. In addition, as officers and/or directors of a public company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Company's operations, services, management, projections and forecasts to ensure that the market price of the Company's common stock would be based, at all pertinent times, on truthful and accurate information.

71. The Individual Defendants either directly participated in the decisions to release the false and misleading press releases and SEC filings complained of herein, and were aware of, or recklessly disregarded, the misstatements contained therein and omissions therefrom, and were aware of their materially misleading nature, or knew or were reckless in not knowing that such violations were occurring, and took no action to prevent or remedy the situation.

72. Defendants caused Perkin to engage in a course of conduct that was designed to and did artificially inflate the market price of Perkin's securities and deceived the investing public regarding Perkin's financial reporting and

business prospects. Defendants undertook this scheme to mischaracterize the financial performance of the Company in order to artificially inflate the share price of the Company's stock to profit by insider trading and to maximize the value of their substantial personal holdings of Perkin stock.

73. Defendants either knew or were reckless in not knowing that the illegal acts and practices and misleading statements and omissions described herein would adversely affect the integrity of the market for Perkin's securities and would artificially inflate the prices of those securities. Perkin's stock reached more than $33 per share during the Relevant Period, yet was trading at approximately $12 per share after the truth regarding the Company's false financial statements was finally disclosed.

74. Defendants, by acting as alleged herein, in bad faith exposed Perkin to massive liability under the federal securities laws through the aforementioned scheme to artificially inflate the market price of Perkin's stock. This exposure is fast becoming a reality through the prosecution of the Class Action, in which allegations of securities fraud against the Company have now been upheld.

75. The Company has been damaged by its exposure to multi-million dollar damages claims by the members of the class in the Class Action, as well as to the substantial legal

42

and other professional expenses to be incurred in connection with the Class Action. As a direct result of certain defendants' wrongful conduct and violations of the federal securities laws, Perkin has been forced to expend significant sums of money, including internal investigation costs.

76. In addition, the Company's reputation in the securities markets has been severely damaged, thereby severely handicapping the Company's ability to secure future business partners, financing, and general demand for Perkin's stock, all of which will continue to keep depressed the price of the Company's shares to the detriment of its shareholders.

### DEMAND IS EXCUSED FOR FUTILITY

77. Demand on Perkin to bring this action has not been made and is not necessary because such demand would be futile because Perkin is controlled by its Board of Directors, a majority of which is comprised of the Director Defendants. As detailed above, the Director Defendants were actively involved in, knew or recklessly disregarded the adverse non-public material facts regarding Perkin alleged herein, and/or illegally profited from the use of such information and/or the artificially inflated share price of the Company's stock they helped to effect. Due to their participation in the wrongful acts alleged herein and the resultant potential individual financial exposure to them, the Director Defendants are not

disinterested and cannot exercise independent business judgment on the issue of whether Perkin should prosecute this action. As a result, demand on Perkin and its board of directors is futile and therefore excused.

78. Among the facts demonstrating the futility of demand are the following:

(a) Defendant Summe, as Chairman of the Board, CEO and President, and as one of the Company's largest individual shareholders, was actively involved in the day-to-day management of Perkin and was directly responsible for the acts and omissions described herein, including but not limited to the false and misleading statements and omissions of material facts made in Perkin's public filings and statements. Indeed, this Court has upheld claims for fraud against Summe. Under these circumstances, it is implausible that he would vote to enforce the Company's rights against himself.

(b) Defendant Summe sold hundreds of thousands of stock of Perkin stock while in possession of non-public, material, adverse information that the Company had engaged in improper revenue recognition and financial reporting practices, and that the price of the Perkin stock was therefore artificially inflated. This Court has held that Summe's trades were probative of fraudulent intent. Summe benefited from the artificial inflation of Perkin stock his misconduct had created,

44

in breach of his fiduciary duties of loyalty to Perkin and its shareholders. He also improperly secured incentive based compensation and bonus payments. Therefore, based on these circumstances alone, it is implausible that Summe would vote to investigate his own misconduct or to sue himself for breach of fiduciary duty.

      (c) The Director Defendants other than Summe did nothing to prevent the insider trading engaged in by defendant Summe, or the substantial insider trading engaged in by defendant Friel, as alleged herein. These Directors knew of the unlawful acts, participated in the actions of their colleagues, and failed to prevent these breaches of the duty of loyalty. Thus, it is implausible that these Directors would sue themselves for breach of fiduciary duty or sue their colleagues to recover said insider trading proceeds.

      (d) It is inconceivable that any of the other Director Defendants would vote to sue the Company's most powerful officer and director, defendant Summe. Indeed, Summe remains as the Company's chairman and principal executive officer even after claims for securities fraud against him and the Company were upheld by this Court, based upon alleged misconduct regarding the Company's accounting for sales of X-Ray panels to GEMS, a client of the Company whose account was personally managed by Summe himself. Having failed to act then,

it is implausible that the other Director Defendants vote to act now.

(e) Each of the Director Defendants other than defendant Summe receives at least $70,000 in cash and stock compensation for their service on the board. None of these Director Defendants would jeopardize the significant cash and stock benefits they receive by virtue of their membership on the board of directors (or the prestige of serving on the board of a large publicly traded corporation like Perkin) by taking a position adverse to defendant Summe, the Chairman of the Board and the Company's dominant officer.

(f) During some or all of the Relevant Period, defendants Lopardo, Erickson, Sicchitano and Schmergel served on the Company's Audit Committee. The Audit Committee should have been the keystone of Perkin's corporate governance, finance and internal audit function. Instead, the Director Defendants failed to ensure that Perkin's Audit Committee was an informed, vigilant and effective overseer of the Company's financial reporting process and its internal control systems. The Director Defendants either knew or should have known that Perkin lacked an adequate system of internal controls. The service on the Audit Committee by these defendants was a sham in that they took no action whatsoever to assure that such a system of internal controls was in place, or to assure that proper revenue

46

recognition practices were being followed. Throughout the Relevant Period, these defendants knew that Perkin was aggressively promoting the X-Ray panels as a central component of the Company's purported earnings growth and potential, which fact was confirmed by the Company's press releases. Defendant Summe personally managed the Company's relationship with GEMS, the largest customer for the Company's X-Ray panel products. Nevertheless, notwithstanding the risks associated with Summe's personal control over the GEMS account, these directors failed to diligently monitor Summe's conduct, or the manner in which the Company accounted for sales of the X-Ray panels, an admittedly new product with no sales or performance history. They further failed to ensure that proper oversight systems were in place to prevent Summe from exploiting his relationship with GEMS to mislead the market regarding the level of the Company's X-Ray panel sales. This Court has upheld claims for fraud based on accounting violations which occurred while defendants Lopardo, Erickson, Sicchitano and Schmergel were responsible for overseeing the Company's accounting function as members of the Audit Committee. As a result, these defendants would never investigate these allegations or vote to sue themselves over accounting misconduct which occurred while they served on the Audit Committee.

(g) Perkin is and was controlled by its Board of Directors and, as described herein, the Director Defendants are ultimately responsible for the Company's financial reporting and were all involved in the wrongs alleged. They permitted the Company to issue false and misleading press releases and SEC filings concerning the Company's financial results, and regarding the quality and performance of the X-Ray panels. This misconduct has given rise to the Class Action, in which open market purchasers of Perkin stock have sued the Company, Summe and Friel asserting claims under the federal securities laws, based largely on the accounting violations identified herein relating to the sale of X-Ray panels. None of the Director Defendants is in a position to exercise independent business judgment with respect to the claims alleged herein due to his participation in and responsibility for the conduct giving rise to the Class Action, which has damaged and will continue to damage the Company.

(h) Perkin has agreed to indemnify its directors and officers against liability for acts and omissions occurring in the performance of their duties as directors and officers and maintains insurance policies to cover the costs of such indemnification. Under the terms of those insurance policies, however, claims against directors which are brought by the Company, or other directors, are excluded from coverage.

Therefore, Perkin's board, or any committee thereof, is effectively disabled from complying with any demand that would cause the Company to bring suit against the Individual Defendants because to do so would result in the loss of their insurance coverage.

(i) In order to bring this action for breaches of fiduciary duty, the members of Perkin's board would have to sue themselves, and/or their fellow directors and allies in the top ranks of the Company, all of whom have served on the board for at least three years. These personal and business relationships demonstrate that demand would be futile.

(j) No demand has been made on the shareholders of Perkin to cause Perkin to bring this action against defendants on behalf of the company because such an effort would be futile. The shareholders of Perkin do not have the power collectively to act on behalf of the company, as the Company is controlled by defendants. All any shareholder or group of shareholders can do is, as plaintiffs do here, bring a derivative action, on behalf of Perkin, pursuant to Rule 23.1.

### FIRST CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY AGAINST ALL DEFENDANTS

79. Plaintiffs incorporate by reference the allegations set forth above.

80. In violation of their fiduciary duties to Perkin and its shareholders, defendants issued false and misleading statements to the Company's shareholders and the investing public regarding the Company's results and business prospects throughout the Relevant Period. As a result of this conduct, defendants have exposed Perkin to potential liability in the Class Action and the cost of defending such litigation. In addition, the Company's reputation in the securities markets has been severely damaged, thereby severely handicapping the Company's ability to secure future business partners, financing, and general demand for Perkin's stock, all of which will continue to keep depressed the price of the Company's shares to the detriment of its shareholders.

81. As a result, Perkin has been and is being further damaged by defendants' conduct in breach of their fiduciary duties.

### SECOND CAUSE OF ACTION

### GROSS NEGLIGENCE AGAINST ALL DEFENDANTS

82. Plaintiff incorporates by reference the allegations set forth above.

83. The preparation and dissemination of quarterly and annual financial statements that were materially false and inaccurate and not in accordance with GAAP represents a sustained and systematic failure by the Individual Defendants

to assure the existence within Perkin of appropriate and adequate internal financial controls and a reasonable information and reporting system necessary to assure the accuracy of the Company's financial reporting.

84. The breach by defendants of their duty to act with reasonable care was grossly negligent, reckless, and lacked a good faith effort by defendants to perform their fiduciary responsibilities.

85. Perkin has been damaged by defendants' gross negligence and reckless disregard of their duties.

### THIRD CAUSE OF ACTION

#### BREACH OF CONTRACT AGAINST DEFENDANTS SUMME AND FRIEL

86. Plaintiffs incorporate by reference the allegations set forth above.

87. In consideration of the substantial compensation and professional enhancement and prestige, which each of defendants Summe and Friel received as a director and/or officer of Perkin, those defendants contracted with Perkin to act in the best interest of Perkin and to cause Perkin to operate lawfully and properly.

88. Each defendant named as a Perkin officer had a contract with Perkin which he or she breached by his or her actions, as set forth herein.

89. By their actions and omissions set forth herein those defendants breached their contractual obligations and commitments to Perkin by not acting in the best interests of Perkin and causing or permitting Perkin to act in unlawful and improper ways.

90. Perkin has been damaged by defendants' breach of their contracts.

### FOURTH CAUSE OF ACTION

### BREACH OF DUTY OF LOYALTY-INSIDER TRADING- AGAINST THE INSIDER TRADING DEFENDANTS

91. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs.

92. By reason of their positions as directors and/or officers of Perkin during the Relevant Period, at the time the Insider Trading Defendants sold their Perkin stock, each had access to and knew highly material information concerning Perkin, and knew or should have known that the public disclosure of this information would adversely affect the market price of Perkin's stock.

93. In selling their Perkin stock, as set forth above, the Insider Trading Defendants used Perkin's material, non-public information for personal gain, in breach of their fiduciary duties to Perkin and its shareholders.

94. By reason of the aforesaid insider sales, the Insider Trading Defendants profited through their fiduciary positions. Defendants are obliged to disgorge these unlawful profits for the benefit of Perkin.

## FIFTH CAUSE OF ACTION

### UNJUST ENRICHMENT AGAINST SUMME

95. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs.

96. Defendant Summe received substantial incentive based compensation for FY 2001 from the Company based on the Company's false and misleading financial statements, and far in excess of the value of his services to the Company.

97. Defendant Summe is obliged to disgorge the compensation paid to him by Perkin for the benefit of Perkin.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs, on behalf of Perkin, demand judgment against defendants, and each of them jointly and severally as follows:

A. determining that this suit is a proper derivative action and certifying plaintiffs as appropriate representatives of Perkin for said action.

B. declaring that each of the Individual Defendants breached his or her fiduciary duty to Perkin;

C. determining and awarding Perkin the damages sustained by it as a result of the violations set forth above from each of the Individual Defendants, jointly and severally, together with interest thereon;

D. awarding plaintiffs the costs and disbursements of this action, including reasonable fees and costs to plaintiffs' attorneys, accountants and experts;

E. granting such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury.

Dated: July 16, 2003

Respectfully submitted,
Charles Miller and Alan Freberg,
Derivative Plaintiffs,
By their attorneys,

Susan E. Stenger, BBO # 555552
PERKINS, SMITH & COHEN, LLP
One Beacon Street
Boston, MA 02108
Phone: (617) 854-4000
Fax:   (617) 854-4040

BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO
One Liberty Square, 8th Floor
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194

WECHSLER HARWOOD LLP
Robert I. Harwood
Peter W. Overs, Jr.

54

488 Madison Avenue
New York, New York 10022
Telephone: (212) 935-7400
Facsimile: (212) 763-3630

55

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  Charles Miller, et al. v. Gregory L. Summe, et al

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [X] I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ] II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   [ ] III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   [ ] IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   [ ] V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   In re PerkinElmer, Inc. Sec. Litig., C.A. No. 02-11314-GAO
   Jaroslowicz v. Summe, et al., C.A. No. 04-11469-GAO

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                                      YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                                                      YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
           N/A                                                                        YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                                      YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                                      YES [X]   NO [ ]  (upon information
                                                                                                         and belief)

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]     Central Division [ ]     Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]     Central Division [ ]     Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
           N/A                                                                        YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Susan E. Stenger, Esq.
                  Perkins Smith & Cohen LLP
ADDRESS           One Beacon Street, 30th Floor, Boston, MA  02108
TELEPHONE NO.     (617) 854-4000

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Charles Miller, et al.

**DEFENDANTS**

Gregory L. Summe, et al.

(b) County of Residence of First Listed Plaintiff  Nassau County, NY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  Middlesex County, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. (upon information and belief)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Susan E. Stenger
Perkins Smith & Cohen LLP
One Beacon Street, 30th Floor, Boston, MA 02108

Attorneys (If Known)
Unknown

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Pursuant to 28 USC §1332, plaintiffs assert claims of breach of fiduciary duty, gross negligence, breach of contract, breach of duty of loyalty, and unjust enrichment.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ > 75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____
DOCKET NUMBER 02-11314-GAO
04-11469-GAO

DATE  July 16, 2004
SIGNATURE OF ATTORNEY OF RECORD  /s/ Susan [signature]

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____