**PERKINS SMITH & COHEN LLP**
One Beacon Street, 30th Fl
Boston, MA 02108
tel:   617-854-4000
fax:   617-854-4040

*Attorneys for Derivative Plaintiffs*

*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

------------------------------------X
:
CHARLES MILLER and ALAN FREBERG,    :
Derivatively and on behalf of       :
PerkinElmer, Inc., A Massachusetts  :
Corporation,                        :
                                    :
            Plaintiffs,             :
                                    :
v.                                  :   No. 04-11599-GAO
                                    :
GREGORY L. SUMME, ROBERT FRIEL,     :
NICHOLAS LOPARDO, GABRIEL           :
SCHMERGEL, KENTON SICCHITANO, and   :
TAMARA ERICKSON,                    :
                                    :
            Defendants.             :
                                    :
and                                 :
                                    :
PERKINELMER, INC., A Massachusetts  :
Corporation,                        :
                                    :
            Nominal Defendant.      :
                                    :
------------------------------------X

```
-----------------------------------X
                                   :
DAVID JAROSLAWICZ, Derivatively on :
behalf of PERKINELMER, INC., A     :
Massachusetts Corporation,         :
                                   :
            Plaintiff,             :
                                   :
v.                                 :   No. 04-11469-GAO
                                   :
GREGORY L. SUMME, ROBERT FRIEL,    :
NICHOLAS LOPARDO, GABRIEL          :
SCHMERGEL, KENTON SICCHITANO, and  :
TAMARA ERICKSON,                   :
                                   :
            Defendants,            :
                                   :
and                                :
                                   :
PERKINELMER, INC., A Massachusetts :
Corporation,                       :
                                   :
            Nominal Defendant.     :
                                   :
_____X
```

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR CONSOLIDATION OF RELATED CASES**

Plaintiffs in Action No. 04-11599 (GAO), captioned first above, respectfully submit this memorandum of law in support of their motion, pursuant to Rule 42 of the Federal Rules of Civil Procedure for entry of an order to consolidate all related actions.

## INTRODUCTION

Presently pending in this District are at least two related derivative actions brought in and for the right of PerkinElmer, Inc. ("PerkinElmer" or the "Company") against certain of its officers and directors (collectively, the "Defendants"). The two pending related actions arise out of the same facts.

## BACKGROUND

These shareholder derivative actions are brought on behalf of Nominal Defendant PerkinElmer against certain of its officers and directors. Plaintiffs allege that the individual defendants, intentionally or recklessly breached their fiduciary duties to PerkinElmer and its stockholders by:

    a.    knowingly or recklessly disseminating, or permitting to be disseminated, misleading information to stockholders and the market regarding the commercial viability of PerkinElmer's cardiac flat panel X-Ray detectors and the Company's earnings and revenues;

b. improperly recognizing revenue on the shipment of these products, while failing to ensure that the Company account for product return and warranty charges, knowing the high likelihood of this occurrence; and

c. exposing the Company to massive liability for securities fraud in a consolidated securities class action pending in this Court (the "Class Action").

By virtue of their improper conduct, as further described in the complaints, the Defendants willfully, or at least recklessly, breached their fiduciary duties of care to PerkinElmer and its stockholders.

During the period July 15, 2001 through April 11, 2002 (the "Relevant Period"), Defendants caused the Company to issue a series of false and misleading statements concerning the performance of the Company's products and its financial results. In particular, Defendants caused the Company to announce that certain highly-touted digital cardiac flat panel X-Ray detectors produced by its Optoelectronics unit were commercially viable, when in fact they were not. Defendants failed to disclose that the production process for the X-Ray panels was flawed and that many of the X-Ray panels were defective. Defendants further failed to disclose that sales of the X-Ray panels were subject to

2

a right of return, and that the right was frequently being invoked by the Company's main customers for these products. This failure to disclose was compounded by Defendants' failure to properly account for such product returns by reporting the full value of these aborted sales as revenue, which practice caused the Company's financial results and net income growth to be overstated. The Audit Committee of the Board of Directors, which was responsible for overseeing the Company's accounting practices and financial reporting throughout the Relevant Period, failed to prevent these unlawful practices.

Defendants' actions and/or omissions constituted breaches of their fiduciary duties to the Company. By making PerkinElmer appear more successful than it actually was, Defendants maintained their positions as officers and/or directors of the Company and their continued lucrative employment with the Company. Defendants' actions also enabled them to sell their personal holdings of PerkinElmer common stock at an artificially inflated price and to increase the value of their substantial personal holdings of PerkinElmer stock.

Defendants, either intentionally or recklessly, caused PerkinElmer to suffer significant economic losses as a result of their own acts or failure to have in place basic oversight and

monitoring procedures to prevent the conduct and losses described herein.

**ARGUMENT**

Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42") provides that when actions involving a common question of law or fact are pending before the court, "it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Under Rule 42, a timely determination pertaining to consolidation is reasonable and will ultimately benefit the shareholders' interest in the prompt prosecution of their claims.

As noted above, there are at least two related lawsuits, both captioned above, pending in this District. Plaintiffs in the Miller action believe consolidation is appropriate for the related actions filed with this Court because they involve common questions of law and fact and allege the same or similar claims under state and Federal laws on behalf of the PerkinElmer shareholders. Moore, Manual for Complex Litigation 3d, § 20.123, at 14-14 (1995). See also Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Group, Inc., 878 F.2d 5, 8 (1st Cir. 1989); In re PRI Automation, Inc. Sec. Litig., 145 F. Supp.2d 138, 140 (D. Mass. 2001); Storlazzi v. Bakey, 894 F. Supp. 494, 499-500

4

(D. Mass.), aff'd, 68 F.3d 455 (1st Cir. 1995). In addition, the two actions involve identical discovery of parties and non-parties. Accordingly, these actions should be consolidated for all purposes in the interests of judicial economy and overall efficiency. See In re PRI Automation, 145 F. Supp.2d at 140 ("Interests in fair and efficient adjudication on the merits without wasteful duplicative proceedings will be better served in consolidated than in separate proceedings.").

Courts have recognized that shareholder class and derivative actions are ideally suited to consolidation because their unification expedites pre-trial proceedings, reduces case duplication, avoids the harassment of parties and witnesses from inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned. See, e.g., In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 292 (E.D.N.Y.), Op. adhered to on reconsideration, 181 F.R.D. 218 (E.D.N.Y. 1998)(in securities actions where complaints are based on the same public statements and reports, consolidation is appropriate when there are common questions of law and fact, defendants will not be prejudiced, and confusion or prejudice does not outweigh efficiency concerns).

The proposed order submitted herewith is consistent with the

foregoing goals of consolidation. Accordingly, consolidation of these actions will avoid confusion, delay, and unnecessary duplication that may result from a multiplicity of suits and ensure the efficient and coordinated prosecution of this action.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that this Court consolidate all related actions.

Dated:    August 24, 2004           **PERKINS SMITH & COHEN LLP,**

 

_/s/  Susan E. Stenger_
Susan E. Stenger, BBO # 555552
One Beacon Street, 30th Fl
Boston, MA 02108
Telephone: (617) 854-4000
Facsimile: (617) 854-4040


**WECHSLER HARWOOD LLP**
Robert I. Harwood
Dana B. Rubin
488 Madison Avenue
New York, New York 10022
Telephone: (212) 935-7400
Facsimile: (212) 763-3630

*Attorneys for Derivative Plaintiffs Miller and Freberg*